UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

AMY M. CASHMER,                          )
                                         )
       Plaintiff,                        )        Civil Case No.
                                         )        7:21-CV-13-JMH
v.                                       )
                                         )        **MEMORANDUM OPINION**
KILOLO KIJAKAZI,                         )           **and ORDER**
ACTING COMMISSIONER OF THE               )
SOCIAL SECURITY ADMINISTRATION,          )
                                         )
       Defendant.                        )

** ** ** ** **

This matter is before the Court on the motion of the plaintiff, Amy M. Cashmer, for an award of attorney's fees in the amount of $8,313.60 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE 20). The Acting Commissioner of Social Security ("the Government") has filed a response agreeing that Plaintiff is the prevailing party and is due EAJA fees (DE 21); however, the Government submits that counsel's attempt to seek compensation for 40 hours of attorney time is unreasonable and unsupported. As to the appropriate hourly rate in this case, the Government contends that it defers to the Court's judgment. (*Id*. at 1). For the reasons that follow, the Court DENIES Plaintiff's Motion, in part, and GRANTS, the Motion, in part.

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party

other than the United States fees and other
expenses ... incurred by that party in any civil
action (other than cases sounding in tort),
including proceedings for judicial review of agency
action, brought by or against the United States in
any court having jurisdiction of that action,
unless the court finds that the position of the
United States was substantially justified or that
special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). It is undisputed that the Plaintiff is prevailing party within the meaning of the EAJA because her case was remanded to the SSA under sentence four of 42 U.S.C. § 405(g). *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("[a] sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA […].")). Further, the Government does not dispute whether counsel is entitled to attorney fees "based on substantial justification." (DE 21 at 1). The Court thus proceeds to analyzing whether an award of $8,313.60 in attorney fees is a proper award under the facts and circumstances of this case.

Attorney's fees awarded to a prevailing party under the EAJA must be reasonable. 28 U.S.C. § 2412(b). The EAJA caps the attorney fee rate at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* § 2412(d)(2)(A). Plaintiff

bears the burden of producing evidence sufficient to establish a higher fee, *Blum v. Stenson,* 465 U.S. 886, 898 (1984); however, generally speaking, the statutory rate "is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.,* 781 F.2d 545, 547 (6th Cir. 1986) (unpublished). The plaintiff is required to show that the "prevailing market rate" in the local legal community exceeds the statutory cap. *Bryant v. Commissioner of Social Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). To do this, the plaintiff must "produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum,* 465 U.S. at 895 n. 11).

Plaintiff, through the motion of her counsel and supporting exhibits, requests fees in the amount of $8,313.60, calculated at the rate of 40 hours multiplied by $207.84 per hour. (DE 20-1, ¶ 12). Plaintiff's attorney asserts that the $207.84/hour billing rate is consistent with the Consumer Price Index ("CPI") "for all urban consumers for New York/New Jersey" as of the March 1996 effective date of the EAJA to March 2021 "when the majority of the work was done in federal court." *Id.* However, counsel has not submitted any proper evidence supporting his position that the appropriate hourly rate is what he declares it to be.

As an initial matter, counsel has not cited to any examples of private practice rates that reflect "the prevailing market rate for competent representation in social security cases in the … [Southern] Division of the Eastern District of Kentucky." *Wilcox v. Astrue*, No. 09-426-KSF; 2011 WL 6742955 at *3 (E.D. Ky. Dec. 23, 2011). Counsel has not submitted declarations from any attorneys, attesting that the prevailing market rate is at least $207.84 per hour and that there are a limited number of attorneys willing to take social security appeals. *See Blum*, 465 U.S. at 895. Counsel has not provided *any* information about rates within this jurisdiction at all. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000) (The local prevailing rate is the one that governs the analysis, not out-of-state comparisons.); *see also Kalar v. Astrue*, No. 10-428- JBC, 2012 U.S. Dist. LEXIS 97559, at *2 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Hum. Servs.*, 782 F.2d 545, 547 (6th Cir. 1986)) ("[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought.").

In counsel's affirmation, he submits that he is familiar with the type of litigation and issues in social security appeals (*see* DE 20, ¶¶ 2-3), but does not certify whether he takes such cases due to the lack of economic incentives to do so. Moreover, counsel provides only one other paragraph in the Affirmation, which

attempts to explain the basis for selecting the $207.84 hourly

rate, but fails to do so.[1] In short, the Court finds that an upward

adjustment from $125.00 an hour to $207.84 an hour does not

accurately reflect the complexity of the legal issues in this case

and the work completed.[2]

Finally, the Court considers whether the hours counsel

purports to have spent working on this case are reasonable. To

compute the total fee earned, the Court employs the lodestar

---

[1] Counsel has attached an incorrect exhibit in support of his motion
for attorney fees. The referenced CPI chart that counsel cites to
in paragraph 12 of the Affirmation (*see* 20-3) does not correspond
to the appropriate urban consumer area that counsel refers to in
paragraph 12. Further, there is no evidence from the chart itself
that counsel's hourly rate should be $207.84.

[2] While judges in the Eastern District of Kentucky traditionally
award the market rate of $125.00 per hour in most social security
matters (*see Carson v. Colvin*, No. 13-94-GFVT, 2015 U.S. Dist.
LEXIS 118866, at *7 (E.D. Ky. Sept. 8, 2015) (collecting cases)),
it is important to note that the trend has been altered for certain
types of cases, especially those which involve complex legal
questions and substantive legal work both in this Court and on
appeal before the United States Court of Appeals for the Sixth
Circuit. *See generally Doucette v. Comm'r of Soc. Sec.*, Case No.
7:17-CV-75-DCR, 713 F.4th 484, 492 (6th Cir. 2021). In *Doucette*,
the Court agreed that an upward adjustment from $125.00 to $150.00
was reasonable, largely attributing its decision to counsel's time
and preparation for the appeal to the Sixth Circuit *before* the
Commissioner agreed to reverse and remand under *Hicks v
Commissioner*, 909 F.3d 786 (6th Cir. 2018). And most recently, in
another Eric Conn-related remand case, the Court awarded counsel
an award of $203.00 per hour pursuant to the EAJA in light of the
evidence presented by counsel, following remand from the Sixth
Circuit. *See Taylor v. Berryhill*, Civil Case 7:18-CV-71-JMH (DE
37).

calculation to find the "product of the number of hours billed and a reasonable hourly rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citation omitted). In counsel's affirmation, he contends that, while 66.52 hours were expended working on this case, he is willing to reduce this amount to 40 hours of attorney work. (DE 20-1, ¶ 8). As to paralegal assistance, counsel submits that, while 7.02 hours of paralegal time were expended working on this case, "also in the exercise of billing judgment," those hours are not being counted towards the fee amount sought. (*Id.*, ¶ 9). The United States disagrees with counsel's assessment, arguing that counsel's purported 40 hours working on this case is unreasonable, and instead "[t]e Court should reduce the requested hours to a reasonable number, but no more than 30 hours of attorney time." (DE 21 at 3).

In support, the United States points to evidence from counsel's itemized billing record (DE 20-2), which suggests duplication efforts, and notes that the arguments raised by counsel in Plaintiff's summary judgment brief are arguments commonly raised in social security appeals. (*Id.* at 2). Admittedly, the Commissioner adds that, "[w]hile the record was longer than often seen in this District, it was not so long as to justify the time requested." (*Id.*). Counsel did not file a reply.

Upon review of the administrative record and counsel's itemized time record, the Court finds that counsel has not

satisfied his burden to show that 40 hours was a reasonable amount of time to spend on his representation in this matter. While the record in this case was voluminous, "[t]he relevant question is not what is required in *most* social security cases, but what did *this* case require." *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). The court finds that the plaintiff has not provided sufficient evidence in support of the reasonableness of the number of hours expended in this case. While the administrative record was voluminous, the brief was not. The Court also notes that no reply brief was filed. The issues of this case were not complex, nor unusual, and did not require such arduous research so as to justify such expenditure. "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at * 2 (W.D. Mich. May 8, 2013) (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013). The Court thus agrees with the United States' assessment that no more than 30 hours is reasonable.

Accordingly, multiplying 30 hours by a rate of $125.00 per hour, Plaintiff is entitled to $3,750.00 in attorney's fees.

Additionally, the Commissioner correctly notes that a fee award under the EAJA must be paid directly to the plaintiff—not to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). Under *Astrue*, EAJA fees are to be paid directly to litigants, and they are subject to administrative offset for any federal debts the litigant owes. *Astrue*, 560 U.S. at 593. In this Circuit, the Court must award EAJA fees to the litigant directly, regardless of whether the Commissioner demonstrates existing federal debt. *See Bryant*, 578 F.3d at 448.

Accordingly, it is hereby ORDERED as follows:

(1)   Plaintiff Amy Cashmer's motion for attorney's fees and costs (DE 20) is GRANTED, in part, and DENIED, in part.

(2)   Attorney's fees will be awarded in the amount of $3,750.00 to be paid directly to Plaintiff Cashmer.

This the 6th day of April, 2022.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge